UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BRAD S. FRANCIS and<br>CHRISTINE C. FRANCIS,<br><br>   Plaintiffs,<br><br>   v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 20-1392 (RBW)<br>)<br>)<br>)<br>)<br>) |

# MEMORANDUM OPINION

The plaintiffs, Brad S. Francis and Christine C. Francis, who are proceeding pro se, bring this civil action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against the defendants: the United States of America; the Internal Revenue Service ("IRS"); Charles P. Rettig, in his official capacity as the Commissioner of Internal Revenue; and David F. Eisener, in his official capacity as the Chief FOIA Officer at the United States Department of the Treasury. See Amended Complaint ("Am. Compl.") ¶¶ 1–9, ECF No. 37.  Currently pending before the Court is the defendants' partial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).  See Defendants' Motion to Dismiss All Causes of Action Relating to 2010 – 2017 Tax Years Under Claim Preclusion and Motion to Dismiss Improperly Named Defendants ("Defs.' Mot") at 1, ECF No. 38.  Upon careful consideration of the parties' submissions,[1] the Court concludes for the following reasons that it must grant in part and deny in part the defendants' motion.

---

[1] In addition to the filings already identified, the Court considered the following submissions in rendering its decision: (1) the Defendants' Memorandum of Law in Support of Motion to Dismiss All Causes of Action Relating to Plaintiffs' 2010 – 2017 Tax Years Under Claim Preclusion and to Dismiss Improperly Named Defendants

(continued . . .)

I.  BACKGROUND

As this Court noted previously, "[t]he plaintiffs are no strangers to the federal court system[,]" and have "initiated a number of legal challenges related to their tax returns, both in this Court and in other courts." Francis v. Internal Revenue Serv., Nos. 19-cv-949/19-cv-3177 (RBW), 2020 WL 3129030, at *2 (D.D.C. June 12, 2020) (Walton, J.); see also Pls.' Opp'n at 7–16 (discussing the plaintiffs' prior cases); Defs.' Mem. at 5–10 (same). The Court previously described the relevant background in detail, see Francis, 2020 WL 3129030, at *2, and therefore will not reiterate that information again here. The Court will, however, briefly discuss the procedural posture pertinent to the resolution of the defendants' motion.

This case concerns the following FOIA and Privacy Act requests submitted by the plaintiffs to the defendants: (1) a request for the "TXMOD[A] series transcript related to Form 1040 return for tax periods ending December 31, for years 2016, 2015, and 2014[,]" Am. Compl. ¶ 20; (2) a request for "the IDRS Action History for [the] tax period [that] ended [on] December 31, 2018[,]" id. ¶ 61; (3) a request for "the Substitute-For-Return ("SFR"), Form 13496 IRC 6020(b) Certification, or its automated counterpart for [the] tax period ending [on] December 31, 2017[,]" id. ¶ 84; (4) a request for the SFR, "Form 13496 IRC 6020(b) Certification, or its automated counterpart, or any other such document purporting to act or take the place of a [SFT] for [the] tax period ending [on] December 31, 2013[,]" id. ¶ 99; (5) a request for "all documents related to Activity SPX-00005 by Action Employee 0922744401 on Action Date 03212018 for

---

(. . . continued)
("Defs.' Mem."), ECF No. 38-1; (2) the Declaration of Joseph E. Hunsader in Support of Motion to Dismiss ("Hunsader Decl."), ECF No. 38-3; (3) the Plaintiffs' Memorandum of Law and Points in Opposition to Defendants' Motion to Dismiss All Causes of Action Relating to Plaintiffs' 2010-2017 Tax Years Under Claim Preclusion and to Dismiss Improperly Named Defendants ("Pls.' Opp'n"), ECF No. 43; and (4) the Defendants' Reply in Support of Motion to Dismiss All Causes of Action Relating to Plaintiffs' 2010 – 2017 Tax Years Under Claim Preclusion and to Dismiss Improperly Named Defendants ("Defs.' Reply"), ECF No. 45.

[the] tax period ending [on] December 31, 2017[,]" id. ¶ 111; (6) a request for "all documents related to Program Codes 91853, 91854, and 91855[,]" id. ¶ 131; (7) a request for "all documents related to" twelve issue numbers, id. ¶ 151; (8) a request for "all items located in the UNIDENTIFIED REMITTANCE FILE ("URF") for tax periods 2018, 2017, 2016, 2015, 2014, 2013, 2012, 2011, and 2010[,]" id. ¶ 171; (9) a request for "certain Andover, Massachusetts employee names, organizational function[,] and [S]SEIDs that had made entries on the IDRS regarding the [plaintiffs'] tax return for [the] tax period ending [on] December 31, 2017[,]" id. ¶ 194; (10) a request for "a copy of the APPEAL CASE MEMO related to LTR105C dated March 25, 2019, for [the] tax period [that] ended [on] December 31, 2014[,]" id. ¶ 216; (11) a request for "a copy of the APPEAL CASE MEMO related to LTR105C dated March 13, 2019, for [the] tax period [that] ended [on] December 31, 2015[,]" id. ¶ 465: (12) a request for "the full text of 'CVPN/ARG 44' as used on TXMODA[,]" id. ¶ 499; (13) a request for "Form 8278 Assessment and Abatement of Miscellaneous Civil Penalties for [the] tax period [that] end[ed on] December 31, 2017[,]" id. ¶ 527; and (14) a request for "a copy of Activity Documents related to 41 IDRS entries in TXMODA for Activity CORRRCVD or related activity such as REASSIGN[,]" id. ¶ 539.

On February 25, 2021, the defendants filed their partial motion to dismiss, see Defs.' Mot. at 1, which is the subject of this Memorandum Opinion. On March 25, 2021, the plaintiffs filed their opposition, see generally Pls.' Opp'n, and on April 12, 2021, the defendants filed their reply in support of their motion, see generally Defs.' Reply.

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion tests whether a complaint "state[s] a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss [under Rule 12(b)(6)], a

3

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).

In evaluating a motion to dismiss under Rule 12(b)(6), "the Court must construe the complaint in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged."  Hettinga v. United States, 677 F.3d 471, 476 (D.C. Cir. 2012) (internal quotation marks omitted).  While the Court must "assume [the] veracity" of any "well-pleaded factual allegations" in a complaint, conclusory allegations "are not entitled to the assumption of truth."  Iqbal, 556 U.S. at 679.  Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. at 678 (citing Twombly, 550 U.S. at 555).  Also, the Court need not "accept legal conclusions cast as factual allegations[,]" or "inferences drawn by [the] plaintiff if those inferences are not supported by the facts set out in the complaint[.]"  Hettinga, 677 F.3d at 476.  The Court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint[,] and matters of which [the Court] may take judicial notice."  Equal Emp. Opportunity Comm'n v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997).

In applying the framework above, the Court must be mindful of the fact that the plaintiffs are proceeding in this matter pro se.  This appreciation is required because the pleadings of pro se parties are "to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).  Furthermore, all

4

factual allegations by pro se litigants, whether contained in the complaint or other filings in the matter, should be read together in considering whether to grant a motion to dismiss.  See Richardson v. United States, 193 F.3d 545, 548 (D.C. Cir. 1999).  Nonetheless, a "pro se complaint, like any other, must present a claim upon which relief can be granted by the court." Crisafi v. Holland, 655 F.2d 1305, 1308 (D.C. Cir. 1981).

### III.   ANALYSIS

The defendants move to dismiss (1) "all claims" in the plaintiffs' Amended Complaint "relating to the [plaintiffs'] 2010[–]2017 tax years" "[u]nder the doctrine of claim preclusion[,]" Defs.' Mem. at 2, and (2) "[a]ll other [d]efendants" apart from the IRS, because "only the IRS is a properly named defendant to" the plaintiffs' claims, id. at 20.  In response, the plaintiffs argue that (1) the defendants' claim preclusion argument fails because the defendants "have failed to show that prior actions sought the same documents or that prior actions were dismissed on the merits[,]" id. at 6, and (2) "[t]he United States[] and [ ] Eisener[] are appropriate parties under 28 U.S.C. § 1331 based on the outrageous conduct by [them] in withholding [ ] [the plaintiffs' requested] records[,]" id. at 26.  The Court will address each of the defendants' arguments in turn.

**A.   The Defendants' Claim Preclusion Arguments**

The Court begins with the defendants' claim preclusion arguments.  The defendants argue that the claims in the plaintiffs' Amended Complaint that concern the 2010–2017 tax years are barred by claim preclusion because the "[p]laintiffs have [ ] filed seven lawsuits, including [this case], to vindicate their continuing underlying claim that their 'self-assessment' of $0.00 [in] taxable wages and other income is correct."  Defs.' Mem. at 5 (citation omitted).  In response, the plaintiffs argue that their claims are not precluded because the defendants "have

5

failed to show that [the] prior actions sought the same documents or . . . were dismissed on the merits." Pls.' Opp'n at 6. For the following reasons, the Court agrees with the plaintiffs that the defendants have not established that the claims relating to the 2010–2017 tax years are barred by claim preclusion.

"Under the claim preclusion aspect of res judicata, a final judgment on the merits in a prior suit involving the same parties or their privies bars subsequent suits based on the same cause of action." NextWave Personal Commc'ns, Inc. v. Fed. Commc'ns Comm'n, 254 F.3d 130, 143 (D.C. Cir. 2001) (internal quotation marks omitted). Claim preclusion applies when

> (1) there was a final judgment on the merits in the first action; (2) the present claim is the same as the claim that was raised or that might have been raised in the first proceeding; and (3) the party against whom claim preclusion is asserted was a party or was in privity with a party in the previous case.

Tabman v. U.S. Dep't of Just., 722 F. Supp. 2d 113, 115 (D.D.C. 2010). Because, for the following reasons, the Court concludes that the defendants have failed to show that "the present claim[s] [are] the same as the claim[s] that w[ere] raised or that might have been raised in the [prior] proceeding[s,]" id., the Court focuses on the second claim preclusion factor.

The defendants argue that the "[p]laintiffs' single 'claim'—that underlies all seven of their lawsuits—is that because they purportedly do not exercise 'federal privilege,' their wages and other income are not subject to federal income tax, with the result that the IRS'[s] tax and penalty assessments against them are invalid." Defs.' Mem. at 15. In response, the plaintiffs argue that "[t]here is no [u]niversal [c]laim underlying the[ir] lawsuits[,]" Pls.' Opp'n at 20 (emphasis omitted), because, in this case, the plaintiffs only seek to "obtain disclosure of [the administrative] documents[that were requested in their FOIA requests,]" id. at 22.

"In its broadest sense, [a] 'cause of action' includes 'all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction or series of connected

6

transactions, out of which the action rose.'" Montgomery v. Internal Rev. Serv., 292 F. Supp. 3d 391, 398 (D.D.C. 2018) (quoting Restatement (Second) of Judgments, § 24 (1982)).  Thus, two claims constitute "the [same] cause of action" for the purposes of claim preclusion if they are "based on the same nucleus of facts." Page v. United States, 729 F.2d 818, 820 (D.C. Cir. 1984) (internal quotation marks omitted).  In determining whether two claims arise from the same nucleus of facts, "the court will consider 'whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding and usage." RSM Prod. Corp. v. Freshfields Bruckhaus Deringer U.S. LLP, 800 F. Supp. 2d 182, 190–91 (D.D.C. 2011) (quoting Apotex, Inc. v. Fed. Drug Admin., 393 F.3d 210, 217 (D.C. Cir. 2004)).

      Here, the defendants have failed to establish that the plaintiffs' claims in their Amended Complaint that relate to the 2010–2017 tax years are the same claims that were "raised in the [prior] proceeding[s]." Tabman, 722 F. Supp. 2d at 115.  Although the defendants assert that the plaintiffs' FOIA claims based on their 2010–2017 tax years are based on an underlying claim that "their wages and other income are not subject to federal income tax[,]" Defs.' Mem. at 15, the defendants "confuse[ ] the assumed purpose for the [documents sought by the plaintiffs' FOIA] request[s] with the FOIA claim[s them]sel[ves]." Montgomery, 292 F. Supp. 3d at 398. While the plaintiffs may intend to use the documents sought in the FOIA requests at issue in this case to support their continued assertion that "their wages and other income are not subject to federal income tax[,]" Defs.' Mem. at 15, the plaintiffs' claims in this case concern the defendants' responses to their FOIA requests, see Am. Compl. at 2 ("This lawsuit seeks to obtain records[.]").  Thus, "[t]he 'nucleus of facts' that the Court will need to consider in adjudicating [the p]laintiffs' FOIA claim[s]—i.e., whether the [defendants'] search[es in response to the

plaintiffs' requests were] adequate and its claimed exemptions appropriate—is wholly different from what the previous courts assessed—namely, the [plaintiffs'] correct tax liability." Montgomery, 292 F. Supp. 3d at 398.

The defendants cite Gonzalez-Lora v. United States Department of Justice, 169 F. Supp. 3d 46 (D.D.C. 2016), for their argument that "a single 'claim' may underlie and connect FOIA/Privacy Act claims with other civil claims[,]" Defs.' Mem. at 16 (citing Gonzalez-Lora, 169 F. Supp. 3d at 52–53); however, they misconstrue that decision. In that case, the Court concluded that "both res judicata and collateral estoppel bar[red Gonzalez-Lora's] claims arising from the [Drug Enforcement Agency's ("DEA")] response to his [FOIA] request" because "[Gonzalez-Lora had already] availed himself of the opportunity to challenge the DEA's response" in a prior FOIA and Privacy Act lawsuit. Gonzalez-Lora, 169 F. Supp. 3d at 53. Therefore, because "[b]oth cases ar[o]se from the same nucleus of facts [,i.e., the DEA's response to [Gonzalez-Lora's FOIA request;] involve[d] the same parties[;] and the court entered a final judgment on the merits of the claim[ in the first lawsuit,]" Gonzalez-Lora's FOIA claim was barred by claim preclusion. Id. Although, as the defendants correctly note, see Defs.' Mem. at 16, the Department of Justice had argued that Gonzalez-Lora's FOIA claim was barred because it pertained to the substance of another case involving Gonzalez-Lora, the Court's conclusion in that case was based on the prior FOIA case, not "other civil claims[,]" like the defendants argue here, id. at 16.[2]

---

[2] As the defendants correctly note, see Defs.' Reply at 3, the plaintiffs devote a section of their opposition, see Pls.' Opp'n at 27–41, to advancing an argument that they "have filed their tax returns based on their honest and sincere belief that their activities and vocations fall outside the gambit of the statutory definitions that delineate the excise on privileges[,]" id. at 41. This argument, however, is irrelevant to the plaintiffs' FOIA claims, which are the only claims asserted in the Amended Complaint. See Am. Compl. ¶¶ 19–559. Accordingly, the Court will not consider this argument in addressing whether the claims asserted in this case are "the same as the claim that was raised or that might have been raised in the [prior] proceeding[s,]" Tabman, 722 F. Supp. 2d at 115. See RSM Prod. Corp., 800 F.
(continued . . .)

Because the defendants have not established that the plaintiffs' claims in this case related to their 2010–2017 tax years are "the same as the claim[s] that w[ere] raised or that might have been raised in the [prior] proceeding[s,]" Tabman, 722 F. Supp. 2d at 115, the Court finds that the plaintiffs' claims are not barred by the doctrine of claim preclusion. Accordingly, the Court will deny the defendant's motion to dismiss to the extent that it seeks the dismissal of the claims related to the plaintiff's 2010–2017 tax years.

## B. The Defendants' Improper Defendant Argument

The Court now turns to the defendants' argument that "only the IRS is a properly named defendant to the claims alleged in the [First Amended Complaint]" and that "[a]ll other [d]efendants should be dismissed[.]" Defs.' Mem. at 20. In response, the plaintiffs argue that "[t]he United States[] and [ ] Eisener[] are appropriate parties under 28 U.S.C. § 1331 based on the outrageous conduct by [them] in withholding of these records for which action they ultimately must give account[.]" Pls.' Opp'n at 26. For the following reasons, the Court concludes that the claims against the United States, Rettig, and Eisener must be dismissed.

As the defendants correctly note, see Defs.' Mem. at 20 ("Only 'agencies' are properly named defendants under the FOIA and the Privacy Act."), the FOIA only authorizes lawsuits against agencies. See 5 U.S.C. § 552(a)(4)(B) (authorizing suit against an "agency"); id. § 552a(g)(1) (same). Consequently, the claims against the United States, Rettig,[3] and Eisener must be dismissed pursuant to Rule 12(b)(6). See Martinez v. Bureau of Prisons, 444 F.3d 620,

---

(. . . continued)
Supp. 2d at 191 ("[I]t is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory on which a litigant relies." (internal quotation marks omitted)).

[3] The plaintiffs present no argument in their opposition as to why Rettig is a properly named defendant and should not be dismissed. See generally Pls. Opp'n. Accordingly, and because "no cause of action exists that would entitle [a FOIA requester] to relief from [individual defendants] under the Privacy Act or [the] FOIA[,]" Martinez v. Bureau of Prisons, 444 F.3d 620, 624 (D.C. Cir. 2006), the Court will also dismiss the claims against Rettig.

9

624 (D.C. Cir. 2006) ("[N]o cause of action exists that would entitle [a FOIA requester] to relief from [individual defendants] under the Privacy Act or [the] FOIA."); Sanders v. United States, No. 96-5372, 1997 WL 529073, at *1 (D.C. Cir. 1997) (affirming dismissal pursuant to Rule 12(b)(6) because, inter alia, the United States was "not [an] agenc[y] subject to the [FOIA]"). Therefore, the Court will grant the defendants' motion to dismiss to the extent it seeks the dismissal of the claims against the United States, Rettig, and Eisener.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant in part and deny in part the defendants' motion to dismiss.

**SO ORDERED** this 22nd day of November, 2022.[4]

REGGIE B. WALTON<br>
United States District Judge

---

[4] The Court will contemporaneously issue an Order consistent with this Memorandum Opinion.